IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARVEY L. ROSS,

        Petitioner,

v.                                       Case No. 12-3085-SAC

JAMES HEIMGARTNER, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

This case comes before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 USC § 2254 (Dk. 1), on Respondents' motion to dismiss that writ as untimely (Dk. 12), and on Petitioner's motion to file a supplemental brief (Dk. 15). Petitioner concedes the untimeliness of the writ (Dk. 13), but asks the Court to equitably toll the statute or to reach the merits of the habeas petition in the interests of justice. The sole issue alleged in the habeas petition is that Petitioner's Fifth and Fourteenth Amendment due process rights were violated by the State's failure to turn over exculpatory *Brady* material, namely, statements from two witnesses to the effect that Petitioner was not the shooter.

**I. Uncontested Facts**

Petitioner was convicted by a jury of one count of first degree murder, one count of attempted first degree murder, and one count of criminal

possession of a firearm, arising out of a shooting at a night club in Wichita, Kansas. Petitioner was sentenced to a term of life imprisonment (Hard 25) for the first degree murder conviction, 586 months for the attempted murder conviction, and nine months for the criminal possession of a firearm conviction. The court ordered the nine-month sentence to run consecutively to Petitioner's life sentence.

Petitioner appealed his conviction, claiming trial court error in: 1) admitting evidence that he fled to the state of Washington after the murder; 2) admitting evidence that he was a member of a gang; 3) denying him a fair trial because of cumulative error by the trial court; and 4) using his criminal history for sentencing without having proved his prior crimes to a jury beyond a reasonable doubt. The Kansas Supreme Court affirmed Petitioner's conviction on February 3, 2006. *State v. Ross*, 280 Kan. 878, 127 P.3d 249 (2006).

Petitioner filed a petition for certiorari in his direct appeal, and his counsel was aware of that. (Dk. 13, p. 1.) The United States Supreme Court denied that petition on June 26, 2006, *Ross v. Kansas*, 548 U.S. 912 (2006). Absent any tolling, the statute of limitations would expire one year later, on June 26, 2007. On April 2, 2007, after 280 days had run on the statute of limitations, Petitioner filed a motion in state court for post-conviction relief pursuant to K.S.A. 60-1507, which tolled the statute of limitations. 28 U.S.C. § 2244(d)(2). The state district court's denial of that motion was affirmed by

the Kansas Court of Appeals on August 5, 2011. *Ross v. State*, No. 103,369, 2011 WL 3444314 (Unpublished Opinion). The Kansas Supreme Court denied Petitioner's petition for review on January 6, 2012, which started the federal statute of limitations again. The remaining 85 days in which to file a habeas petition expired on April 1, 2012. Petitioner filed this application for federal habeas corpus relief on April 5, 2012.

Petitioner's counsel asserts that she relied on information she obtained on some unspecified date from the Kansas Judicial Branch website, which led her to believe that the United States Supreme Court's denial of her client's petition for certiorari was on July 5, 2006,[1] instead of on June 26, 2006. Based upon that date, Petitioner's counsel calculated that the one-year statute for a writ of habeas corpus in this case would run on April 9, 2012, and filed this writ on April 5th, 2012. The parties now agree and the court's calculations confirm that the one-year statute for this writ actually expired on April 1, 2012, making this habeas petition untimely.

**II. Analysis**

28 U.S.C. § 2244(d)(1) establishes a one-year statute of limitations in which state prisoners must file their federal petitions for writ of habeas corpus. The period runs from the date in which Petitioner's direct appeal

---

[1] In support of this assertion, counsel refers the Court to an appearance docket for case no. 92478, allegedly attached to the brief. But the attachment to the brief (Dk. 13, Exh. 1) is solely for case no. 103369 and does not reflect any denial of certiorari or any date of July 5, 2006. This error causes the Court some concern because it evidences counsel's inattention to detail. Nonetheless, the Court takes judicial notice of the Kansas Judicial Branch's public record for the state court docket in case no. 92478, related to this case and available on-line. That record reflects July 5, 2006 as the denial of Petitioner's petition for certiorari.

from his conviction became final. 28 U.S.C. § 2244(d)(1)(A). But federal courts must toll the time spent in state post-conviction proceedings. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167 (2001); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

### A. Accrual of Statute

Faced with the motion to dismiss, Petitioner first asserts, without citation to any authority, that his direct appeal did not become final until the State court was notified that the Supreme Court had denied his petition for certiorari. That date, as reflected on the state's website, is July 5, 2006, rather than the actual date of denial, June 26, 2006.

But the Tenth Circuit has consistently held that the direct appeal becomes final on the date the petition for certiorari is denied.

> The one-year limitations period for filing a federal habeas petition runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A conviction is "final" (and the one-year limitations period begins to run) when, "following a decision by the state court of last resort … the United States Supreme Court has denied review … " *Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001) (internal quotation marks omitted).

*Dill v. Workman*, 288 Fed.Appx. 454, 456 (10th Cir. 2008). Because the denial of certiorari is a matter of public record, easily accessible to counsel, no logical reason appears for finding that direct review concludes on any date later than the date the petition for certiorari is actually denied. Accordingly, the one-year limitations period in this case ran from June 26, 2006, not from July 5, 2006.

4

**B. Equitable Tolling of Statute**

Counsel also invokes equitable tolling, properly asserting that the limitations period is not jurisdictional. *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2562 (June 14, 2010). Counsel states that Petitioner intended for her to act on his behalf in a timely fashion, that Petitioner acted with due diligence, that counsel's failure to meet the deadline was an extraordinary circumstance beyond Petitioner's control, and that counsel acted in good faith by obtaining information from the State's judicial branch website.

Petitioner bears the burden of establishing that equitable tolling should apply. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). A habeas petitioner seeking equitable tolling must clear a high hurdle and "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, __ U.S. __, 130 S.Ct. at 2562. A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000).

**1. Petitioner's Diligence**

Petitioner requests permission to file a supplemental brief, which generally alleges his own diligence in pursuing his case, and asks the court not to dismiss his petition in the interest of justice.[2] Dk. 15. Petitioner's

---

[2] The Court is aware that equitable tolling also may be based on actual innocence, *see Gibson,* 232 F.3d at 808; *Lopez v. Traini*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). But Petitioner makes no claim of actual innocence in response to the motion to dismiss. Nor does Petitioner support his allegations of constitutional error with new reliable evidence that

5

request to file that brief is granted. To demonstrate he pursued his claims diligently, a petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.' " *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller,* 141 F.3d at 978). Petitioner makes conclusory assertions, but fails to specify any steps he took to pursue his claims, thus Petitioner has failed to meet this requirement.

### 2. Extraordinary Circumstances

But even assuming Petitioner's diligence, extraordinary circumstances must also be shown. It is possible that an attorney's failure to satisfy professional standards of care may warrant tolling. *See Holland*, __ U.S. __, 130 S.Ct. 2549 (remanding for hearing where attorney essentially abandoned his client postconviction). The Tenth Circuit holds "that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the ... limitations period." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (finding equitable tolling possible where attorney affirmatively and repeatedly mislead inmate to believe that he was timely preparing a habeas corpus application).

---

was not presented at trial. *Schlup,* 513 U.S. at 324. *See Ross,* 2011 WL 3444314 (finding the state district court heard testimony from Schneider and Washington at Petitioner's 60-1507 hearing but found no *Brady* violation based on their "complete lack of credibility."). Nor does Petitioner show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The substance of Schneider's and Washington's desired testimony is not different in kind from, but is merely cumulative to, the testimony of several other witnesses who testified at trial and gave descriptions of the shooter that did not match the Petitioner. *See* Dk. 17, p. 17.

But no such egregious conduct has been alleged here. A garden variety claim of excusable neglect, such as simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. *Holland*, 130 S.Ct. at 2563-64.

> Habeas counsel's negligence is not generally a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote,* 322 F.3d 965, 968 (7th Cir. 2003); *see also Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" (quotation omitted)); *Rouse v. Lee,* 339 F.3d 238, 248 (4th Cir. 2003) ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." (quotation omitted)); *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling].").

*Fleming*, 481 F.3d at 1255-56. The principal rationale for disallowing equitable tolling based on ordinary attorney miscalculation is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control. See *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). No basis for equitable tolling has therefore been shown.

Because Petitioner's habeas petition is untimely and equitable tolling is not justified, this action must be dismissed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not met this standard as to any issue presented, so no certificate of appealability shall be granted.

IT IS THEREFORE ORDERED that this action is dismissed as time-barred, that Respondents' motion to dismiss (Dk. 12) is granted, and that all relief sought by petition of habeas corpus (Dk. 1) is denied.

IT IS FURTHER ORDERED that Petitioner's motion to supplement his response (Dk. 15) is granted.

Dated this 19th day of March, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge