IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARVEY L. ROSS,

        Petitioner,

v.                                                          Case No. 12-3085-SAC

JAMES HEIMGARTNER, et al.,

        Respondents.

MEMORANDUM AND ORDER

After this Court denied Petitioner's 28 USC § 2254 motion on March 19, 2013, Petitioner waited over a year and five months to appeal and to file post-judgment motions. The Court now addresses those motions – to appoint counsel, to file notice of appeal out of time, and to appeal in forma pauperis. Also before the Court is counsel's motion to withdraw.

In support of his motion for leave to appeal out of time, Petitioner states that although he had counsel when the Court denied his § 2254 motion, counsel did not tell him he had the right to appeal. But Petitioner fails to demonstrate that his counsel had a duty to inform him of his right to appeal from the denial of his habeas petition. In *Roe v. Flores-Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court rejected a right-line rule that counsel must always consult with the defendant regarding an appeal, adopting instead the following rule:

> Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe*, 528 U.S. at 480.

Petitioner does not claim that he was unaware of his right to appeal or that he instructed counsel to file an appeal. Nor has Petitioner shown that he has any nonfrivolous grounds for appeal. Petitioner cites cases which deal with counsel's failure to file an appeal when a defendant specifically requests an appeal, but those cases are inapplicable here. Accordingly, this motion shall be denied.

Because the court is denying permission to file an appeal out of time, Petitioner's requests for the appointment of counsel and to proceed IFP on appeal are denied as moot.

Petitioner's counsel, who represented Petitioner throughout his 2254 proceedings, also move to withdraw from the case. In support of this motion, counsel state that Petitioner sued them in a state civil malpractice claim and they believe their interests are now adverse to Petitioner's. That case, apparently based on counsels' failure to timely file Petitioner's § 2254 motion, was dismissed in August of 2014. Thereafter, Petitioner filed the motions addressed above. This motion is granted.

IT IS THEREFORE ORDERED that Petitioner's motion to appoint counsel (Dk. 18) is denied, that Petitioner's motion for leave to file notice of appeal out of time (Dk. 20) is denied, and that Petitioner's motion to proceed on appeal in forma pauperis (Dk. 21) is denied.

IT IS FURTHER ORDERED that the motion to withdraw as counsel (Dk. 25) is granted.

Dated this 22nd day of October, 2014 at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge